**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

CEDRIC GLAZE                                                                                      PLAINTIFF

V.                                    NO: 3:15CV00252 DPM/PSH

TODD GROOMS *et al*                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Partial Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Cedric Glaze, who is currently held at the Cuyahoga County Jail in Cleveland, Ohio, filed a *pro se* complaint on August 25, 2015, asserting that he was the victim of excessive force at the Crittenden County Detention Center in West Memphis, Arkansas.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2)

requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

Liberally construing Glaze's complaint, he has, for screening purposes, stated a claim for relief. However, among the defendants Glaze has named is the state of Arkansas. Claims against the state of Arkansas are prohibited by the Eleventh Amendment. *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989). Accordingly, Glaze's claims against the state of Arkansas should be dismissed.

## III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT Glaze's claims against the state of Arkansas be DISMISSED WITH PREJUDICE.

DATED this 25th day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE